UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MARSHALL CAMPBELL,       )
                               )
           Plaintiff,          )   Case No. 1:05-cv-748
                               )
v.                             )   Honorable Gordon J. Quist
                               )
UNKNOWN TREVINO et al.,        )
                               )
           Defendants.         )
_____)

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

**Discussion**

I.   Factual allegations

Plaintiff is presently incarcerated at Riverside Correctional Facility, but the events giving rise to his complaint occurred while he was incarcerated in the Carson City Correctional Facility (OTF). In his *pro se* complaint, he sues the following OTF employees: (unknown) Trevino, (unknown) Dutcher; (unknown) Tripp; and Warden Kurt Jones. He also sues the following employees of the Michigan Department of Corrections (MDOC): Prisoner Affairs Manager Jim Armstrong and Director Patricia Caruso.

Plaintiff claims that Defendants delayed the delivery of a piece of incoming legal mail in violation of his First and Fourteenth Amendment rights. On October 23, 2003, the Michigan Court of Appeals denied Petitioner's application for leave to appeal in Case No. 236967. The court of appeals subsequently denied his motion for reconsideration on December 23, 2003. Petitioner submitted an application in the Michigan Supreme Court for leave to appeal the October 23, 2003 decision. On February 4, 2004, the clerk of the Michigan Supreme Court issued a letter stating that Petitioner's application was untimely because it was filed more than 56 days after the court of appeals issued its order on October 23, 2003. However, Petitioner was informed that he had until February 17, 2004, to file an application for leave to appeal the December 23, 2003 order denying his motion for reconsideration. Plaintiff received the letter from the Michigan Supreme Court on February 19, 2004, two days after his time for filing an application for leave to appeal had expired. As a result, Petitioner was unable to pursue an appeal in the Michigan Supreme Court.

Upon investigation, Plaintiff claims that he received a UPS tracking receipt showing that the letter was delivered to the prison and signed for by Defendant Trevino on February 5, 2004. However, the prison mail log indicated that the letter was received on February 19, 2004. Plaintiff maintains that Defendants attempted to conceal their wrongdoing by falsifying the date in the mail log. For relief, Plaintiff seeks damages of $1.4 million.

II.   Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature

of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1] *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). The MDOC provides a three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy or procedure or unsatisfactory conditions of confinement") (effective 12/19/03). A prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *See Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). In order to properly exhaust MDOC grievance procedures, a prisoner must raise each of his claims for the first time at Step I. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). Raising allegations against a particular defendant for the first time at Step II or III is insufficient to demonstrate exhaustion. *Id.* at 576 n.4.

On November 3, 2004, Plaintiff wrote a Step I grievance (OTF-04-11-591-15f) concerning the piece of delayed mail. However, his grievance mentioned only Defendants Trevino

---

[1] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff used the form complaint to file this action.

and Dutcher. Plaintiff filed a second Step I grievance (OTF-05-06-363-11b) on June 9, 2005, complaining that he had not received a timely Step III response to his previous grievance. His second grievance mentioned Defendant Caruso. Plaintiff appealed both grievances to Step III. Therefore, Plaintiff exhausted his claims against Defendants Trevino, Dutcher and Caruso. Because Plaintiff failed to mention Defendants Tripp, Jones and Armstrong in any of his grievances, he failed to exhaust his administrative remedies against them. *See Thomas*, 337 F.3d at 735; *Curry*, 249 F.3d at 505; *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance."). Because Plaintiff's action contains both exhausted and unexhausted claims, it must be dismissed for lack of total exhaustion. *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005).

It is not clear whether Plaintiff may still grieve his claims. Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* Policy Directive 03.02.130, ¶ G(4). The Sixth Circuit held that an inmate cannot simply claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). However, even if the MDOC considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a). *See Thomas*, 337 F.3d at 733.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of this action without prejudice is appropriate when a

prisoner has failed to show that he exhausted available administrative remedies. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, the Court will dismiss his action without prejudice.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.


Dated: February 15, 2006              /s/ Gordon J. Quist
                                        GORDON J. QUIST
                                   UNITED STATES DISTRICT JUDGE