UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

DAVID MARSHALL CAMPBELL,      )
                                        )
            Plaintiff,        )        Case No. 1:05-cv-748
                                         )
v.                               )        Honorable Gordon J. Quist
                                       )
UNKNOWN TREVINO et al.,      )
                                       )
            Defendants.    )
_____)

**MEMORANDUM ORDER**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On February 15, 2006, the Court issued an opinion and judgment dismissing Plaintiff's action without prejudice for failure to exhaust his administrative remedies. The Court found that Petitioner exhausted his administrative remedies with regard to Defendants Trevino, Dutcher and Caruso, but failed to exhaust his claims against Defendants Tripp, Jones and Armstrong. Because the complaint presented both exhausted and unexhausted claims, it was dismissed under the "total exhaustion rule." *See Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005). This matter now is before the Court upon Plaintiff's "Motion for Consideration of Supplemental Pleadings" (docket #6), with attached exhibits, and "Objection to Erroneous Judgment and Motion to Rescind Judgement" (docket #8), which the Court construes as motions to alter or amend judgment brought pursuant to FED. R. CIV. P. 59(e).

As the Sixth Circuit summarized in *GenCorp, Inc. v. Amer. Int'l Underwriters*, 178 F.3d 804, 833-34 (6th Cir. 1999), motions to alter or amend judgment under Rule 59(e) may be

granted if there is a clear error of law, *see Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146

F.3d 367, 374 (6th Cir. 1998), newly discovered evidence, *see id.*, an intervening change in

controlling law, *Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994);

*Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n. 3 (1st Cir. 1993); *Sch. Dist. No. 1J v. ACandS,*

*Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993), or to prevent manifest injustice.  *Collison*, 34 F.3d at 236;

*Hayes*, 8 F.3d at 90-91 n. 3.  *See also North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194,

1218 (3d Cir. 1995).

> In his "Motion for Consideration of Supplemental Pleadings" (docket #6), Plaintiff
asks the Court to consider supplemental pleadings that support his underlying claim that Defendants
violated his First and Fourteenth Amendment rights by delaying a piece of his incoming legal mail,
which caused him to miss a court deadline.  Because Plaintiff's complaint was dismissed for lack
of exhaustion, the Court will not consider new documents pertaining to the merits of his claims.
Moreover, the Court has no discretion in allowing amendment to avoid the dismissal of a case under
the PLRA.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir.1997); *accord Baxter v. Rose*,
305 F.3d 486 (6th Cir. 2002); *Williams v. Johnson*, No. 02-6049, 2003 WL 264723, at *1 (6th Cir.
Feb. 6, 2003).

> Plaintiff argues in his "Objection to Erroneous Judgment and Motion to Rescind
Judgement" (docket #8) that the Court erred in dismissing his complaint for lack of exhaustion.
First, Plaintiff contends that he cannot file a grievance against Defendants Tripp, Jones and
Armstrong because, under Michigan Department of Corrections (MDOC) policy, the grievance
would be rejected as duplicative of his previous grievances.  Plaintiff, however, is not excused from
the exhaustion requirement because his grievance may be rejected as duplicative by the MDOC.

Even if the MDOC considers a subsequent grievance to be untimely or duplicative, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a). *See Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003).

Plaintiff further argues that his claims against Defendants Tripp, Jones, and Armstrong should be considered exhausted because "these Defendants affixed their names to the denial of Plaintiff's grievances." Plaintiff's argument clearly is without merit. The purpose of the exhaustion requirement is to notify prison officials of the problem so that they have an opportunity to address the claims before they reach federal court. *See Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). Consequently, in order to exhaust his administrative remedies, Plaintiff is required to state his complaint against each of the Defendants in the body of his Step I grievance. The fact that a particular person reviewed or signed the grievance does not make that person a subject of the prisoner's grievance. Plaintiff does not allege or show that he filed a grievance in which he provided prison officials with notice of his complaints against Defendants Tripp, Jones, and Armstrong.

In the alternative, Plaintiff contends that the Court should dismiss the unexhausted parties and allow his case to proceed against the exhausted Defendants. However, under the total exhaustion rule, a civil rights action containing both exhausted and unexhausted claims must be dismissed for lack of total exhaustion. *See Jones Bey*, 407 F.3d 801. Accordingly, the Court finds no error in its decision dismissing Plaintiff's action for failure to exhaust his administrative remedies. Plaintiff, however, may file a new complaint setting forth only his exhausted claims. Therefore,

**IT IS ORDERED** that Plaintiff's "Motion for Consideration of Supplemental Pleadings" (docket #6) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Objection to Erroneous Judgment and Motion to Rescind Judgement" (docket #8) is **DENIED**.


Dated: March 30, 2006                     /s/Gordon J. Quist
                                          Gordon J. Quist
                                          United States District Judge